May it please the court, my name is Thomas Brannan. A little louder please. May it please the court, my name is Thomas Brannan. I'm representing the petitioners Norma and Margaret Contreras, and I would respectfully request to reserve three minutes, Your Honor. All right. You can speak up a little bit, please. I will, Your Honor. In the instant case, the BIA erred by applying incorrect legal standards and denying petitioners Lozada motion to reopen. In evaluating the alien's case under matter of Lozada and this court's case in Fadiga v. Attorney General, the questions to be addressed are whether competent counsel would have acted otherwise and whether the alien was prejudiced by counsel's poor performance. Go ahead. What conduct during the removal? We're talking about during the removal proceedings. That's when Lozada and all the ineffectiveness cases have to do with the conduct of counsel during removal proceedings. What exactly did counsel do that was ineffective during the removal proceedings? Your Honor, his actions, my argument is that his actions taken prior to the removal proceedings prejudiced the client during the removal proceedings. By not filing the appeal that he could have filed, that the client paid him to file. Even assuming that that's true, if he filed the appeal, if it's true that the employer didn't show that it had the ability to pay, that appeal wasn't going to succeed. Not necessarily, Your Honor. In fact, for whatever reason, and again showing more ineffectiveness, the prior counsel late filed a motion to reconsider. And in fact, an appeal of a denied I-140 allows you the opportunity to present new evidence during the appeal. And he could have shown in a variety, and he attempted to show in that late filed appeal, which is part of the record, other ways he tried to deal with that inability to pay issue in other ways, which may or may not have been successful. We'll never know because it was late filed. But don't we, hasn't the jurisprudence considered ineffectiveness during the course of removal proceedings? And isn't it clear that this visa application was not part of the removal proceedings in any way, shape, or form? Your Honor, I think, especially in immigration proceedings, where you have relief that can be presented before you're put into court, relief that if you're denied gets you entered into court, it's very difficult to say where one begins and the other ends, in my opinion. Especially here where you have the same counsel that represented him before the government, represented him in court. Counsel, I have a very, very, very serious problem with how counsel below acted in this case. Repeatedly did not appear, a new lawyer every time, not even being familiar with what was going on. I think it's deplorable. There's no way around that. But in terms of that effective representation, or the lack thereof, actually, what is there, is there any president that says we can extend this beyond the hearing itself? Well, Your Honor, I think the Fadiga case just merely says, was the ineffectiveness, did it prejudice the respondent during removal proceedings? And I think if you read even the BIA's decision on page four of it says, after the lead respondent's application for adjustment of status by way of an employment-based visa petition was denied by DHS and no timely appeal was filed, the respondent was left with limited options when they came before the immigration judge. They're coming out and saying he was prejudiced. Did they have to prove prejudice? And if so, what was the prejudice here? The prejudice would be, if that appeal had been filed, numerous things would have happened. The judge would have continued the case. The attorney would have- But the judge said, these press, these take for a long time. You know, there's no way that, you know, even if it's pending, we can't continue it that long. Yeah, wasn't this case continued a couple times? Your Honor, I don't think the judge, I think the judge said if the appeal had been filed, she would have been willing to continue the case. For some period of time. Correct. I think there's evidence that it's not- In fact, I think on their hand, there's a new case now which says, it's a matter of Raja that the board just put this out that says, dependency of a labor cert minus additional persuasive factors is too speculative for continuance. Well, in this case, I think there were additional persuasive factors. The judge was saying throughout the hearing, she didn't think the Immigration Council knew immigration law. It's true. But the question is, when does your due process rights kick in? I mean, at the beginning, that was Judge Rendell's question. And, you know, you've got a Ninth Circuit case from 08 Ballam, look, that says that it only kicks in at the time of the removal proceeding itself, and that what occurs before that time, such as in this case, you know, would not apply. Is there any case that extends the due process rights to before removal proceedings? I mean, I assume there's policy. There clearly are. There are policy arguments for that, but I don't know of any precedent. Not in this circuit, Your Honor. Or any circuit. Any circuit. Not that I'm aware of, Your Honor, no. Okay. And I'm not either. And so, in effect, what you're asking us to say is that ineffective assistance of counsel outside of removal proceedings is something that can be brought up, but I think you're asking us to be the first circuit to do that. Your Honor, I think under the circumstances where there's such a close relation between trying to obtain a benefit before USCIS and frequently having those same identical applications renewed in front of an immigration judge, oftentimes with the same counsel. Let's just go to the facts. Let's assume just for the moment that you do have due process rights outside of the removal proceedings. And even with that assumption, yes, counsel did a lot of things here that show clearly not a great deal of understanding or seemingly a great deal of care. But counsel initially filed the application, what, about two weeks or so before the deadline for the employer application? Is that correct? Yes, Your Honor. So what else was counsel to do? Let the deadline go by? No, Your Honor. But he did, if he clearly knew that there was an inability to pay issue, he didn't have a right to file that application. If he was still in the evidence-gathering phase because he was. Okay, so then if he knew that there wasn't the ability to pay on behalf of the employer, he should not have filed, which means that there's no way your clients could win from the get-go. But, Your Honor, if you'll allow me, there was also other opportunities. Usually there's notices of intent to deny that will be issued. I could not find those in the record in this case. But they'll say you've shown an inability to pay. Can you address this? And there are a variety of ways you can address that. There's no proof that that was the only proof that that was ever done was in a late filing. Let's go back to the employer. The employer either was able to pay or not able to pay. I believe the original inability to pay issue came about because the employer was relying solely on his tax returns and the bottom line on his tax returns. But there are other ways to show ability to pay. Mr. Contreras worked for the employer, is that correct? Correct. For how long? Your Honor, I don't recall off the top of my head. But that is another way of showing ability to pay. If the employer is already paying the employee under the current income, then I think that's an additional. And that's the argument. Now, I mean, clearly counsel would have messed up if the Contreras' had followed the suggestion of somebody in that office that you should accept voluntary departure. But they didn't accept that. So even if they leave the country now, they can still file an application to come in with the I-140 application or whatever. Isn't that correct? Yes, Your Honor, but they would be penalized. In what way? Because they've been – there's what's called an unlawful presence bar that would kick in. They would have a 10-year bar on returning because they've been here unlawfully. Is it a 10-year bar? Yes, Your Honor. Is it a 10-year bar if there's a voluntary departure or a 10-year bar – does that exist if there's not a voluntary departure? Voluntary departure only waives the deportation bar. I believe there's a separate unlawful presence bar. So when the employer had the chance, I guess in 2007 or so, to come in and say, okay, I'm willing to pay, but the employer didn't step up to the plate. Isn't that correct? Your Honor, we have a letter from the employer saying he was willing to cooperate throughout. That was in effect of counsel's position, but we have a letter from the attorney. Your Honor, if I may also, I think that – Isn't there – there's evidence in the record that those employer applications were backed up, and even in, I think, 2008, assuming he'd filed in 2008, they were still dealing with things that were filed in 2004. How can you show that there was prejudice here? Surely this IJ wasn't going to leave this open until they got through four years of these applications. Well, Your Honor, I think coupled – I think there would have been an excellent argument on appeal that coupled with the attorney's ineffectiveness, I think that that was an additional persuasive factor that she should have used. This wasn't a case where someone came up with the properly filled out forms and then had to just wait five, six years for everything to be processed. This was a case where they maybe wouldn't have even been put in proceedings if their attorney had acted appropriately. But isn't that a reason why going before removal proceedings and talking about ineffectiveness, you're then talking that we have to kind of intuit something that was not even in a formal – recorded in a formal way that we could examine. It's impossible to review ineffectiveness without proceedings, isn't it? I mean, I'm sure you're going to say, no, it isn't. But I'm just thinking of the practicality of attempting to review what was done, what were the options, what was the prejudice in a situation that just doesn't have any record, doesn't have any context. I can't think of any analogous situation in which we would perform a review function in that setting. Just to add on to that, just an example. If counsel – you're saying counsel failed to appeal the denial of the I-140 application. But isn't it true that if that had been appealed, based on the record, it would have been futile? No, Your Honor. The appeal gives you an opportunity. It's not a straight-forward appeal where the record is closed. I thought your answer was – You have an opportunity to present additional evidence at that level. All right. Thank you. And in addition, Your Honor, I think another sign of ineffectiveness was not requesting a continuance under Hampshire. I think he should have requested a continuance because I think the judge, in part, said that the reason she couldn't continue the case was merely because of her clock. And I think she failed to consider anything else, such as the attorney's ineffectiveness, which was well known to her. All right. We'll hear from you on rebuttal. Thank you. May it please the Court. My name is Matt Crapo on behalf of the Attorney General. Your Honor, this Court should deny the petition free view because the relief that petitioners seek is a discretionary form of relief, and it is not a liberty interest that's protected by the Due Process Clause. They don't have a due process right at this point, but what is the policy reason for having the due process requirements extend only to the removal proceedings? Well, there's a couple of reasons. Removal hearing, I should say. Under the circumstances of this case, I would note that one fundamental basic problem with the trying to extend the motion, the matter of Lazada motion reopen before the board or the immigration judge, is that the board has no appellate jurisdiction over the I-140 petition proceedings. The board doesn't have the authority to tell DHS to reopen those proceedings or reverse the denial of that visa petition. And so it's a simple matter of the board doesn't have that authority and petitioners have never pointed to any authority what the board could do, even if they were able to show that prior counsels. Couldn't counsel be ineffective? I mean, it's a practical matter outside of and leading up to a removal hearing. Absolutely. Absolutely. And I would note that both the immigration judge and the board recognized that the prior counsel did not, how did the IJ phrase it, was not entirely familiar with immigration law. But you're saying if that result can't be changed, if they have no authority to reopen the visa proceedings, then, I mean, you could reopen the IJ and the BIA, but if it happened before that. But there's no relief that they're eligible for, so there can't be any prejudice. Second of all, I would note that the record shows that Mr. Contreras learned of the denial of his visa petition in November of 2007, but he didn't ask prior counsel to file an appeal until January 31st of 2008. At that time, it was already too late to file an appeal. And there's nothing in the record that shows the employer asked the attorney to appeal the denial. And as I note in my brief, the employer is the only person that has the regulatory right to file that appeal. If we look at a record that is so full of malfeasance by counsel, several of them that just piles upon piles upon piles and get to this point in front of the judge, isn't there something wrong about that? Well, I would say that even if counsel did not act competently, there's nothing to show that they would have ever been able to, the employer would, there's nothing in the record to show that the employer has the ability to pay or they would have been successful on that appeal. Well, at least that's what counsel said. But subsequently, we find in the record that the employer said, well, I could do it. I could pay. Oh, I think the employer just said that they were always willing to sponsor him for a labor certification, but they never shown or never submitted any evidence that would show that they, that the DHS's ability to pay determination was erroneous. My question is, as with the employer and with Mr. and Ms. Contreras, their lawyer was the one who was doing this. Granted, they're the litigants, but their lawyer had responsibility of doing this. And if the lawyer failed from step one all the way to step four, is there any integrity in this entire process? And should we do something about that? Well, I would say that to the extent that they had an issue before DHS in the visa petition proceedings, prior to removal proceedings, there is, they could have asked DHS to remedy the situation at that point. There is under 8 CFR 292.3, there's a procedure for filing a complaint for ineffective assistance of counsel. And the other avenue of relief is to file suit in the district court under the APA and challenge the denial of the visa petition. And even though the petitioners in this case didn't have a regulatory right to appeal, there are several courts that have recognized that they have standing under the APA to challenge the denial of the visa petition. So there is an avenue of relief, even though it's not properly brought before the board. And the board refused to consider the ineffectiveness that occurred prior to proceedings because it simply didn't have the authority to remedy any situation. And finally, the bottom line really is that they've never been able to show prejudice one way or the other. If you'll refer to the denial of the visa petition decision on pages 456 through 59, the CIS in denying the visa petition noted that it had offered them an opportunity to submit new evidence to demonstrate their ability to pay, but they had not submitted any evidence that would change the outcome of the decision. And the fact that they just sat on their rights and didn't timely seek any kind of any type of reconsideration before DHS. And finally, even though it is excruciating to read the record in prior counsel before the immigration judge, there's no doubt about that, but they've never been able to point to any kind of relief that competent counsel would have been able to get for them. Well, maybe competent counsel could have lassoed the employer and had the employer file what was necessary in order to get the I-140. Where they've gotten the visa? There's no evidence in the record to suggest that CIS was wrong in deciding that they couldn't demonstrate the ability to pay. What if they could? What if they could demonstrate the ability to pay? And keep in mind, that decision came what, six years later after they filed? Actually, no. Well, there's a three-step process. They got the first step pretty quickly. The first step took five and a half years. Was it the first step or was it the third step? The first step was approved by the Department of Labor, and that was approved in August of 2006. So they're being punished because the bureaucracy is incredibly slow? No. I don't believe that's the case. They weren't even put in removal proceedings until the visa petition was denied. They weren't before the immigration judge until their I-140 petition was denied before DHS. So they were in the country throughout that period of time. Mr. Contreras has been here since 1993, and his wife has been here since 1998. 1998. And they first filed for the visa petition with DHS in January of 2007, and DHS denied it in November that year. So DHS took approximately 11 months to decide the visa petition. If the, I had thought that when prior counsel had suggested that there be a voluntary departure, that it was, and had they accepted it, it was that that would have subjected the petitioners to the 10-year bar of inadmissibility? Absolutely not, Your Honor. And I have a... Okay. So you're saying that that doesn't do it. It's the fact that... It's the fact that they had accrued more than one year of unlawful presence. Got it. Okay. And that inadmissibility bar is only triggered once they depart the country. Let me ask a question here based upon a footnote in your brief, page 30, where you talk about this backlog that I had referred to your comment there. Right. I mean, is it or is it not correct that there's nothing to say that even if the visa petition had been properly filed and processed, they would have been lined up in a four-year wait or not? Well, let me clarify one little thing. The wait is for the visas. There's only so many visas available per year. Right. And the State Department calculates how many of those are doled out to however many people. And so even though I would note that the current visa availability date is December 2005, so it has advanced almost an entire year since the brief was submitted in June, I believe. But that priority date can go forward and back. And so the priority date for his employment visa would have been the 2001 date when he originally asked for the labor certification. Oh. Now, if he was to go back right today and file a new labor certification, then he would be years away. Okay. And that's what they suggested the prior counsel should have done, is told the employer that he should have filed a new labor certification and start the process over from step one. But then the concept of prejudice would have to take into account when would he get it. Right. I mean, they didn't hold up on removal proceedings until his visa was denied, did they? I mean, it wasn't an intentional thing. They wouldn't necessarily have held up a visa. No. His visa was denied and his time to appeal that decision had expired before removal proceedings were advanced. When do you start counting the greater than one year of unlawful admission from the time 1993 and 1998? Well, actually, the unlawful presence bar was added to the statute in 1996 with IRERA. So when that became effective in 97, that's when they would have started to accrue because they entered without inspection. So they were here without any. So how could you re-up this application when you said they could re-up it? Well, on that inadmissibility bar, as I stated, it's triggered by their departure. It doesn't matter whether it's voluntary departure. It doesn't matter whether it's removal. It doesn't matter if they just left the country on their own. If they were to apply for admission after accruing more than a year, they would be deemed inadmissible. And so the voluntary departure doesn't have anything to do with that. And I'd give you the cite for that. It's a matter of Lemus-Losa, 24 INN decision, 373. Oh, I'd also note that they suggest the competent counsel to ask for a continuance. They filed their motion to reopen with the immigration judge in August of 2008. The board issued its decision in October 2010. Over that two-year period, they never submitted any evidence to the board that anything had ever taken place that would alter the outcome of their case. And there were, what, two continuances previously granted? Yes, yes. The immigration judge did grant two continuances. And to the extent there's any prejudice from the voluntary departure, the immigration judge withdrew the grant. So it doesn't have any effect on it there. And I'd also note that matter of Raja, the continuance cases, I would stress that this case comes to the court in a different procedural posture. This is a motion to reopen rather than a denial of continuance. So I don't think it's directly applicable. But even in Raja, the board noted that even if they had a pending labor certification, that wouldn't generally be sufficient to warrant a continuance. And especially given the lack of visa availability, I just can't see that there would be any good cause for if they would have asked for it. Because I don't know what I'm doing. Well, I think the immigration judge did grant her a continuance because she didn't know what she was doing. The immigration judge suggested a continuance so they could review their case and see if there's anything available. But the simple matter of fact is that petitioners are not, were not, and never have been eligible for any form of relief. And despite the fact that their prior counsel was not entirely familiar with immigration law, there's nothing that they can point to to say that competent counsel would have been able to get them this form of relief. And I would further note that the immigration judge did not deny the motion to reopen based solely on the docket. She gave several reasons, particularly with respect to the ineffective assistance claim. To conclude, I would just argue that the record demonstrates that the agency properly denied their motion to reopen because it could not show that they were prima facie eligible for relief. Even if prior counsel had requested the further continuance, the immigration judge would have retained the discretion to deny the request because no visa petition had been approved and they were basically waiting on a speculative form of relief someday maybe becoming available to them if certain steps were taken and several years down the road. And petitioners have never shown that the denial of the visa petition for inability to pay was erroneous or had any basis for arguing that the appeal would have been successful. What was the basis for the inability to pay? I mean, assuming that the employer had been paying at least prior to 2000 or 2001. Well, the DHS analyzes from the year your priority date is started. So it was 2001 when they first filed their labor certification. Until the time that they finally adjust status, they have to show that they can, the employer has to show it can pay the prevailing wage throughout that time period. And in that decision, they reviewed the tax returns and the fact that they were paying him some wage, but it wasn't the full wage. And they found that from 2001 to 2005, they couldn't show that they had the ability to pay and there's no contradictory evidence in the record. And with that, I would just ask the court to deny the petition for review. Thank you, Counselor. Mr. Brown. I would just like to point the court to the late filed appeal, or motion to reconsider filed by the ineffective counsel. It's on page 81 of the administrative record. Yes, Your Honor. There was multiple chances for that attorney to challenge that inability to pay finding. Could have done it. As prior counsel said, there was a notice of intent to deny where they said, we're going to deny it because of this inability to pay, show us why we shouldn't. Your colleague says that the BIA doesn't have a jurisdiction over the visa proceedings. So how could there be relief afforded with relation to these visa pre-NTA proceedings I'm not sure I understand, Your Honor, but I think if the I-140 petition is approved, then there is relief available at that point. How can we go back and get into the weeds of that proceeding if you don't have jurisdiction to undo them or review them? This would involve a review of what went on in those visa proceedings. If the BIA doesn't have jurisdiction over that, how can we say they were wrong in not recognizing an ineffectiveness claim arising out of those proceedings? Your Honor, I think you're asking if the decision on the I-140 was, I'm not asking you to make a decision on the I-140. I'm asking you to recognize that the failure to file an appeal of the denied I-140 is what caused prejudice. But that's within the context of the appeal of the I-140. That's still part of the pre-notice-to-appear proceedings. But the filing of an appeal alone, without even going into the underlying legal issues, is something that this Court, I think, has enough expertise to realize is in ineffective assistance accounts, and I think as the State itself. It's not a question of whether we have expertise. It's a question of the review, the power to say to the BIA, you were wrong in not recognizing ineffectiveness in the visa proceedings. And they say, wait a minute, we have no jurisdiction over anything before the notice-to-appear. Is that right or wrong? I think it's more complicated. I think they, well, I would just go back, Your Honor, to, I can't think of an instance off the top of my head where they would. Well, that would be interesting if counsel wants to give us some supplemental letter about that issue of the jurisdiction of the BIA to get involved, if you will, which Mr. Crapo mentioned. I'd be interested in getting a letter as to the extent of the jurisdiction to deal with that because that's kind of crucial here. I thought I asked you earlier if there was any precedent for that, the BIA getting involved, and there isn't any, is it? I'm not aware of any, Your Honor. That would be helpful if we know the statutory or, I mean, the cases say during removal proceedings, but then if the issue is one of jurisdiction, that would be even more important. Thank you, Your Honor.